IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRYANNE BIEHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:09cv837-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

On December 7, 2009, Defendant filed an Unopposed Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (2000) (Doc. #11).  Defendant's motion asks the Court to remand this case for further proceedings "because the recording of the December 4, 2007 administrative hearing is partially or totally blank."  Def.'s Mot. to Remand (Doc. #11) at 2. The Commissioner states that the Appeals Council will remand the case to an administrative law judge for a *de novo* hearing.  *Id*.  Sentence six of 42 U.S.C. § 405(g) authorizes the Court to remand a case to the Commissioner for further action if the Commissioner files a motion to remand for good cause before filing an answer.  42 U.S.C. § 405(g).  Here, the Commissioner filed a Motion for Remand prior to filing his answer.  Thus, the Court must determine whether the Commissioner has demonstrated good cause.

The Joint Conference Committee of Congress, in reporting upon the Social Security Disability Amendments of 1980, set forth examples of what may constitute "good cause" for

remand:

> Where, for example, the tape recording of the claimant's oral hearing is lost
> or inaudible, or cannot otherwise be transcribed, or where the claimant's files
> cannot be located or are incomplete, good cause would exist to remand the
> claim to the Secretary for appropriate action to produce a record. . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980); *see also Gamble v. Apfel*, 2001 WL

102344 at *1 (S. D. Ala. Jan. 5, 2001).

The Commissioner concedes the tape recording of Biehl's oral hearing is partially or

totally blank.  Accordingly, the Court finds Defendant has shown good cause for this matter

to be remanded to the Commissioner for further proceedings pursuant to sentence six of 42

U.S.C. § 405(g).  It is therefore

ORDERED that:

A.    Defendant's Motion to Remand (Doc. #11) is GRANTED.

B.    This case is REMANDED for further proceedings pursuant to sentence six of

42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Motion for

Remand.[1]

---

[1]The Court observes that with entry of this sentence six remand, it "does not rule in
any way as to the correctness of the administrative determination."  *Melkonyan v.
Sullivan*, 501 U.S. 89, 98 (1991).  Thus, under sentence six, a "remand is not a final
judgment under the [Equal Access to Justice Act (EAJA)], and the window for filing an
EAJA application does not open until judgment is entered in the district court following
completion of the remand proceedings."  *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th
Cir. 1996).

Done this 7th day of January, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE